IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LA BREC,

                Plaintiff,

  v.

LUCAS WEBER, LINDAY WALKER,
MICHAEL JULSON, MAUREEN WHITE,
DR. FRISCH, DR. TRINIDAD, LAURIE WOOD,         OPINION and ORDER
RENEE SCHULER, RN NAVARRO,
JASON CHATMAN, SGT. VINES, SGT. KOTTKA,         18-cv-1047-jdp
SGT. REESON, C/O SLAMA,
JONATHAN KORDUCKI, C/O JEZUIT,
C/O ROEKER, C/O SCOTT, C/O BOWAR,
C/O CONROY, C/O BORTZ, C/O ROGALSKI,
C/O NEUSTADTER, C/O HOUG, C/O DRENNAN,
C/O LLOYD, C/O CHINIAS, and K. RAATZ,

                Defendants.

---

      Pro se plaintiff and prisoner Matthew La Brec has filed a complaint against 28 prison employees at Columbia Correctional Institution. He alleges that defendants have violated his rights in numerous ways since March 2017, including by failing to prevent him from engaging in self-harm, failing to provide appropriate mental health treatment, placing him in conditions that exacerbate his mental illness, failing to provide appropriate treatment for physical injuries, using excessive force against him, and retaliating against him.

      La Brec has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. I conclude that I cannot allow La Brec to proceed on any claims at this time because the number of claims and defendants in his complaints renders the case unmanageable. I will give La Brec an opportunity to choose which claims he wishes to pursue in this case, which

claims he wants to pursue in a different case, and which claims he wishes to dismiss without prejudice to refiling them at a later date.

ANALYSIS

Under Rule 20 of the Federal Rules of Civil Procedure, a lawsuit may be severed when it includes unrelated claims against different defendants. *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Lit.*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991). And even when the claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to maintain so many claims against so many different defendants in a single case. *Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) (court may sever claims under Fed. R. Civ. P. 21 when differences between the claims predominate over common questions); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004) (court has inherent authority to sever claims in interest of justice even when standard under Rule 21 is not satisfied). As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). So when a plaintiff tries to cram too much into one case, the court may require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Id.* at 683.

Most of La Brec's complaint in this case is about alleged failures by staff to prevent him from engaging in self-harm. He alleges at least seven different incidents, each involving different defendants, which supports a view that the claims belong in separate lawsuits. But La Brec

alleges that each incident is part of a larger problem in which supervisory officials knew that he was repeatedly harming himself, but they refused to take any action to stop more harm from occurring. Under these circumstances, it makes sense to consider all of the self-harm incidents together in one lawsuit.

But La Brec also raises other claims. First, he says that some defendants were aware that his placement in the restrictive housing unit was exacerbating his mental illnesses and that he was not receiving adequate mental health treatment. Second, he says that some defendants used excessive force on him when trying to stop him from engaging in self-harm. Third, he says that medical staff failed to adequately treat his physical injuries. La Brec also alleges that some of the defendants acted with retaliatory motives, but all of the alleged retaliatory conduct is the same conduct that makes up the other claims, so it is not necessary to consider it separately for the purpose of this order.

These other three claims may all be related to La Brec's alleged mental illness in some way. But the legal theories are distinct, most of the defendants are different for each type of claim, and there is little factual overlap among the claims. And even if I assume that some or all of these other claims could be joined under Rule 20, I conclude that they should be severed under Rule 21 and the court's inherent authority. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("[The federal] rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes."). There are simply too many claims and defendants to decide efficiently in one case.

So I conclude that the claims in La Brec's complaint belong in four separate lawsuits that track the four categories of claims described above: (1) the failure to prevent La Brec from engaging in self-harm; (2) the failure to give La Brec adequate mental health care and place

3

him in conditions that were appropriate for his mental illness; (3) the use of excessive force; (4) the failure to treat his physical injuries.

Under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), I may apply the initial partial payment that La Brec has made to only one of the four lawsuits I have identified above. La Brec will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other three potential lawsuits, La Brec has to make a choice. One option for La Brec is to pursue the other lawsuits separately. In that case, he will be required to pay a separate filing fee for each lawsuit. In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted or one of the other reasons listed in § 1915(g). As La Brec may be aware, once a prisoner receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, La Brec may choose to dismiss one or more of the other lawsuits voluntarily. If he chooses this route, he will not owe additional filing fees or face a strike for any lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, which means that La Brec would be able to bring it at another time, so long as he files it before the statute of limitations has run. (In Wisconsin, the statute of limitations for a claim brought under 42 U.S.C. § 1983 is six years. *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010). His state-law claims may have different statutes of limitations.)

Because it is not clear at this time which of La Brec's separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they provide fair notice of his claims, as required by Rule 8 of the Federal

4

Rules of Civil Procedure. Once La Brec identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2) and § 1915A. Because La Brec faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If La Brec disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the four lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to comply with a court order.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew La Brec may have until February 12, 2019, to identify for the court whether he wishes to proceed with lawsuit 1), 2), 3), OR 4) under the case number assigned to this case. La Brec must pick one and only one of these lawsuits to proceed under case no. 18-cv-1047-jdp.

2. Also by February 12, La Brec is to tell the court which other lawsuits he wishes to pursue under separate case numbers, if any, and which lawsuits he will dismiss voluntarily, if any.

3. For any lawsuit that La Brec dismisses voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims at a later date, so long as he complies with the statute of limitations.

4. For each lawsuit La Brec chooses to pursue, he will owe a separate filing fee.

5. Once La Brec chooses which lawsuits he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If La Brec

fails to respond to this order by February 12, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

Entered January 30, 2019.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge