IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LA BREC,

                Plaintiff,

    v.

LUCAS WEBER, LINDAY WALKER,
DANIEL FRISCH, JONATHAN VINES,
JAMES KOTTKA, BROCK REESON,                OPINION and ORDER
KYLE SLAMA, JONATHAN KORDUCKI,
JOEL ROEKER, CHAD SCOTT, SCOTT BOWAR,          18-cv-1047-jdp
WILLIAM CONROY, CHRISTOPHER BORTZ,
DAKOTA NEUSTADTER, TIMTHY HOUG,
LAURA DRENNAN, SHANE LLOYD,
GABRIEL CHINIAS, and KATHLEEN RAATZ,

                Defendants.[1]

---

Pro se plaintiff and prisoner Matthew La Brec is proceeding on claims that each of the defendants violated his rights under the Eighth Amendment and state law by failing to protect him from self-harm. La Brec now moves to strike portions of defendants' answer. Dkt. 29.

La Brec's motion is divided into two parts. First, La Brec challenges defendants' decision to deny allegations that he says are "easily verifiable." Second, La Brec contends that defendants should not be allowed to assert affirmative defenses for qualified immunity, sovereign immunity, limitation of damages under 42 U.S.C. § 1997(e), and "intervening" or "supervening" causes.

I will deny the first part of La Brec's motion. The gist of the motion is that La Brec is frustrated that defendants have not admitted all the allegations he believes they should have.

---

[1] I have amended the caption to reflect the full name of each defendant, as identified in the Acceptance of Service form filed by the Wisconsin Department of Justice. *See* Dkt. 26.

That is understandable, but that does not mean he can file what is in essence a premature motion for summary judgment to establish certain facts as a matter of law. A defendant cannot challenge the sufficiency of the complaint on the ground that an allegation is not actually true, so a similar rule should apply to the answer. After all, the purpose of an answer is simply to put the plaintiff on notice of possible factual disputes and defenses. Once that purpose is satisfied, the case should proceed to the discovery phase. If La Brec believes that some of his allegations cannot be denied plausibly, he is free to serve defendants with requests for admission under Federal Rule of Civil Procedure 36. *See Prude v. Milwaukee County*, 2014 WL 1276516, at *1 (W.D. Wis. 2014).

As for defendants' affirmative defenses, I will grant La Brec's motion to strike the defense of sovereign immunity. Defendants say that they raised the defense because they weren't sure whether La Brec was suing them in their official or personal capacity. But the law on this issue is clear: a plaintiff may sue a state actor in his personal capacity for damages or in his official capacity for injunctive relief. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985); *Greenawalt v. Indiana Dep't of Corrs*., 397 F.3d 587 (7th Cir. 2005). Because the law on this issue is well established, courts in this circuit do not require plaintiffs to specify whether an individual is being sued in his personal or official capacity. Rather, courts look at the nature of the claim and the relief sought. *See, e.g.*, *McGee v. Illinois Dep't of Transp*., No. 02 C 0277, 2004 WL 726110, at *1 (N.D. Ill. Apr. 1, 2004) ("In cases where a plaintiff seeks injunctive relief from official policies and customs, the Seventh Circuit treats the claim as an official capacity suit, but where the plaintiff alleges the tortious conduct of an individual acting under color of state law, the suit is considered to be against the individual."). The same is true in this case. La Brec's claims for damages are personal capacity claims; his requests for injunctive relief

are official capacity claims. Because La Brec isn't proceeding on any claims that implicate sovereign immunity, that affirmative defense is moot.

I will deny La Brec's motion to strike the other affirmative defenses. La Brec says that defendants aren't entitled to qualified immunity because it is clearly established that prison officials have a duty to protect prisoners from self-harm. But qualified immunity isn't determined by such a general proposition. Rather, the court must consider "the specific facts confronting the public official when he acted." *Volkman v. Ryker*, 736 F.3d 1084, 1090 (7th Cir. 2013). Because the facts of this case have not yet been established, it is too early to determine whether defendants are entitled to qualified immunity.

La Brec's argument regarding the defense under 42 U.S.C. § 1997e(e) is similar. La Brec says that all of his claims involve self-harm, so defendants cannot contend that any of his claims involve only "mental or emotional injury." Again, that is a factual determination that cannot be resolved at the pleading stage.

Finally, La Brec says that *Estate of Hill v. Richards*, 525 F. Supp. 2d 1076 (W.D. Wis. 2007), and *Taylor v. Wausau Underwriters Insurance Co.*, 423 F. Supp. 2d 882 (E.D. Wis. 2006), foreclose a defense that La Brec's own actions were an intervening or supervening cause of La Brec's harm. But that is simply incorrect. In both cases, the courts noted that it was unresolved in Wisconsin whether a suicide attempt can be the basis of a negligence action. Because defendants are raising the defense only in the context of La Brec's negligence claims, I decline to strike this defense.

ORDER

IT IS ORDERED that Matthew La Brec's motion to strike, Dkt. 29, is GRANTED as to defendants' sovereign immunity defense. The motion is DENIED in all other respects.

Entered August 13, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge